UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELANIE C. LATRONICA,

    Plaintiff,

    v.

DOUBLE TREE BY HILTON, et al.,

    Defendants.

Case No. 15-cv-01709-DMR

**ORDER DISMISSING CASE**

Re: Dkt. No. 12

On April 15, 2015, Plaintiff Melanie Latronica filed a Complaint. [Docket No. 1.] On April 24, 2015, the court dismissed the case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction, granted Plaintiff leave to amend.[1] [Docket No. 5.] Plaintiff has filed an Amended Complaint. [Docket No. 12.]

In the previous order dismissing the case, the court stated "that Plaintiff's allegations are entirely incomprehensible and arise to the level of 'wholly fanciful' such that sua sponte dismissal for lack of subject matter jurisdiction is appropriate at this stage." Docket No. 5 at 4 (citing *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) "District courts have the authority to dismiss complaints founded on 'wholly fanciful' factual allegations for lack of subject matter jurisdiction.")). The court was "unable to discern from Plaintiff's complaint

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

what claim she is alleging against whom, and what relief she is seeking from the Court." *Id.* at 2. The court noted that the Complaint listed "[o]ver fifty individuals and/or entities" as defendants, some of whom were unidentifiable, and many of whom had no allegations directed toward them. *Id.* The court also found that "[t]he allegations against Defendants are entirely incoherent, reciting claims of 'bondage,' 'burning the skin & eyes/Torture,' 'non-stop identity theft,' 'chattel game-playing' and 'neurocybernetics.'" *Id.* The Complaint attached filings from Plaintiff's previous cases, photographs of unidentified individuals, dictionary entries, lists of Time Warner properties, information about the Xerox Corporation, and other seemingly random items. *Id.* at 3. The court also stated that "Plaintiff lists several amendments to the U.S. Constitution, the United Nations Declaration of Human Rights, several federal criminal and civil statutes, *see* Compl. 18-19, though it is unclear whether she alleges that any of these were violated, by whom, and under what legal authority she is pursuing a claim for their violation." *Id.* at 3.

The Amended Complaint is no more comprehensible than the Complaint. The following is a representative sample of the statements in the Amended Complaint:

> As noted in the answer to the order dated April 24, 2015: the Plaintif(s) have never been criminals although have been given a death sentence. **Private sectors, Private Enterprises, Terra 2 and or 1 is being destroyed by these criminal defendants and the Plaintiff in the case against the defendants.  please see defendants and the accompanied request with the claim of an emergency order for them to stop now  expedited, as mentioned honorable court it doesn't matter where the Plaintiff goes and or lives and or what town these defendants don't stop.  (terras a minor)**
>
> **Live Deprivation (reason) Larcency stealing plaintiff(s) life & capuut off with the head $$$.** 1. Chattel Slavery/Judgment without due process/Substantive & Private Law, Private Sectors.  2. Torture/mass bodily injury/identity theft/double tree imposters/leeches/parasites technical internal.
>
> (Reputation as a reminder); Honorable Court due to the (CHTLS) (IS) (RP) (CS) (CC) (P) situation the Plaintiff(s) have honestly exhausted all legal remedies and is exhausted due to the defendants fraudulent concealment and the defendants in a constant activity nonstop and the defendants giving the plaintiff(s) the run around especially about the identity of these criminal defendants who are demised. **The defendants are now known due to investigating at the assessor's office and at the recorder's office.** The defendants are guilty of being the worst obstruction of justice when the plaintiff is doing everything legal not to be subjected to this and to not be a victim for another day.

> The defendants some of them are liens and or mechanic liens and so that's one of the main reasons as to why the Plaintiff(s) have been involuntarily (and will never give permission to these criminal defendants) subjected to all of this. The Plaintiff(s) didn't sign up for any of this from day one.

Am. Compl. at 1-6.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Here, the court has already given Plaintiff an opportunity to amend her complaint, but the Amended Complaint still fails to allege any cause of action against any person or entity, or even state any concrete event or transaction that occurred at any time. The court therefore **dismisses** the complaint and closes the case.

**IT IS SO ORDERED.**

Dated: May 19, 2015

_____
DONNA M. RYU
United States Magistrate Judge